PECSOK ET, APPROPRIATION OF, IN RE: PRESTON, DIRECTOR OF HIGHWAYS, PLAINTIFF, *v.* PECSOK ET, DEFENDANTS-APPELLEES AND TEXACO, INC., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26485. Decided November 21, 1963.

332

Mr. *William B. Saxbe*, attorney general, for plaintiff.
Mr. *William B. Pecsok*, for defendants-appellees.
Mr. *J. Hall Kellogg*, for defendant-appellant.

*Per Curiam.* This appeal is made to this court from an apportionment of an award of $36,000.00 in an action by the Director of Highways for the State of Ohio to appropriate land for highway purposes, entered on March 9, 1962, in the Court of Common Pleas of Cuyahoga County, in favor of the owners of a parcel of real estate under lease to Texaco, Inc. as a gasoline station and located at Babbitt Road and Lakeland Boulevard in the City of Euclid, Ohio. Defendant appellant is Texaco, Inc.

The holders of the fee are William B. Pecsok and Vera S. Pecsok. The parcel involved had a frontage of 125 feet on Lakeland and 170 feet on Babbitt. The state appropriated a strip of land averaging about 10 feet on the Babbitt frontage with a curve to the frontage on Lakeland. The present lease expires on March 31, 1969. When the property was originally leased by Texaco, Inc., it was unoccupied land. Texaco, Inc. thereafter built a gas station upon said property with underground tanks, two islands with pumps, and a building with store and three bays for lubrication service. The lease provides that these improvements may be removed by Texaco at the expiration of the lease. The lease was for ten years from April 1, 1949, with an option for renewal thereof for two terms of five years each, the first calling for the payment of $75.00 per month rent, and the second for the payment of $100.00 per month.

The trial court prepared a lengthy memorandum of opinion setting forth his reasons for dividing the $36,000.00 into shares of $23,650.00 to the Pecsoks and $12,350.00 to Texaco, Inc. Without going into the details of the trial court's rationale, we cannot agree with the rules applied nor the final apportionment.

The measure of damages in this case is the difference in market value of the leasehold estate of Texaco, for the term of the lease, in the Pecsok property, before the taking of part of the parcel by the state, and the market value of said leasehold estate, without the part taken by the appropriation, for the duration of the lease.

In applying this general rule here, it must be considered that a leasehold interest in real estate may have a substantial value, notwithstanding that it involves a liability to pay rent. And as the Supreme Court of Ohio said in the case of *In re Appropriation for Highway Purposes: The Queen City Realty Co.* v. *Linzell, Dir.*, 166 Ohio St., 249, 142 N. E. (2d), 219, "* * * it is apparent that, in determining the value of the landlord's reversion, the value of the leasehold interest must be deducted from the value of the real estate. * * *" The Supreme Court, in that same case, continues, at page 251, of the opinion:

"The value of a leasehold interest will always be necessarily dependent upon at least two factors, i. e., (1) the rental

to be paid for the real estate leased and (2) the reasonable value of the use of that real estate for the period of the lease. Such a leasehold interest will have a value only where the amount of the second of those factors exceeds the amount for the period of the lease of the first of those factors. Such an instance will usually occur only for one or more of the following causes: (1) the lease involved was made for a lower rent than a reasonable rental for the real estate involved, (2) the reasonable rental value of comparable real estate has increased since the lease involved was made, and (3) improvements upon the leased premises have increased their reasonable rental value.''

Under the special circumstances and partial taking in this case and applying the above basic rules, it follows that there are provided herein additional bases for the division of damages awarded to Pecsok for the taking a part of the land upon which Texaco has a lease and has built a gas station, both of which are embodied in the basic rule, namely:

1. The taking should be considered as to the reduction, if any, of the value of the lease because of the loss of use for the remaining years of the lease of the part taken; and

2. The reduction, if any, in the value of the lease because of the reduction of the size of the remaining part of the land for the term of the lease.

To develop these additional bases briefly, we know that the value of the interest of the landlord in the property leased is reduced for all purposes by that which is granted to the lessee. The rent paid represents the sole right of the landlord to the benefit to him resulting from his ownership. The tenant in this case could have cancelled the lease because of the taking but not having done so, it must pay the rent agreed to for what remains after the taking. The amount of rent paid may, in certain cases, be considered as an aid in fixing value. See *In re Appropriation, etc., supra.*

The additional rules suggested above must be applied and developed with the fact in mind that the improvements here were made at the cost of the lessee. In addition, for the period of the lease, (1) the loss of the value of use of the part taken, as far as the lessee is concerned, (2) the diminished value of the use, if any, of the remaining part, as improved, and (3) all damages, if any, to the buildings and their usability because of the

reduction in size, must be considered here in determining what part of the damages, paid for the taking and damage to the remaining part, shall be allotted to the lessee.

Accordingly, the decision of the court below as to the apportionment of damages is reversed and the cause remanded for further proceedings in accordance with this opinion.

Exceptions. Order see journal.

SKEEL, C. J., ARTL and CORRIGAN, JJ., concur.